```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )          4:07CR3107
         v.                    )
                               )
MARK D. DIX and                )
MARIA B. DIX,                  )       MEMORANDUM AND ORDER
                               )
              Defendants.      )
                               )
```

Defendants have filed motions to suppress evidence obtained in the search of a U-Haul vehicle stopped by a Nebraska State Patrol Trooper in Nebraska on July 22, 2007. The motion is contested, and an evidentiary hearing is scheduled on it for November 13, 2007.

Defendant Maria Dix has filed a "Verified Motion for Discovery," seeking an order compelling the plaintiff to provide defendant with copies of "the complete training and service records for Nebraska State Patrol Service Canine, Dekon...." Filing 23. Defendant argues that the training records go to the issue of whether the dog was "well trained" and "reliable," issues relevant to the motion to suppress, and also that such records may constitute exculpatory evidence mandated to be given to the defendant under Brady v. Maryland, 373 U.S. 83 (1963).

The government responds by stating that it has provided "all reports, photos, and videos" to defendant, and further, that it has requested an affidavit from the canine handler which "will set out the facts as to whether Dekon was trained and certified in detecting controlled substances, which controlled substances Dekon was trained to detect, and Associations which have

certified Dekon, the type of response Dekon is trained in and what that response looks like[,] and the general procedure used in conducting the dog sniff used in this case." Filing 29.

Initially, I note that defendant has not filed a brief in support of the motion; therefore, the court may treat the defendant's motion as abandoned. See NECrimR 12.3(b)(1). In this instance, however, the basic position of the defendant is set out in the motion, and the government does not claim the defendant has abandoned her position by failing to file a separate brief. I shall therefore consider the motion.

Second, the government, although stating that it has provided all "reports" from the case, there is no further description of what those "reports" may be, and none is filed in opposition to the motion. In addition, although the government states in its brief that it will provide defendant's counsel with an "affidavit" of the canine handler addressing various matters as set forth above, no such affidavit has been filed, so the court cannot draw any inferences from counsel's description of it.

Also as a preliminary matter, it cannot now be known for certain whether the dog's "training and service records" would be so exculpatory as to be required to be produced under Brady. The government is cognizant of its obligations under Brady, and I am confident that if there is any possibility that such records could tend to exonerate the defendants, they will be produced. Failure to produce them risks the overturning of any judgment of conviction on appeal. I do not rest my ruling on the parties' respective arguments under Brady.

2

The government claims that the records are "unnecessary" for the court to consider in connection with the pending motions to suppress. Filing 29, p.3. I disagree. The government has the burden of proving by a preponderance of the evidence that Dekon was, at the time of his deployment in this case, "well trained," United States v. Place, 462 U.S. 696, 707 (1983), and "reliable," United States v. Olivera-Mendez, 484 F.3d 505, 512. It is not now known what evidence the government will produce on those subjects, but presumably, its evidence will include testimony by his handler and/or others about Dekon's background training, certifications, and testing results--the same information the defendant wants before the hearing. The defendant is entitled to have that information to prepare to cross examine the government's witnesses.

The cases relied upon by the government do not support its conclusion that the defense is not entitled to discover the dog's records and performance assessments. In United States v. Sunby, 186 F.3d 873 (8th Cir. 1999) the defendant challenged the search and seizure of a package sent in the mail to the Minneapolis airport. The package had been detained by police based on a call from a postal inspector in Arizona, its origination location. The district court granted the defendant's motion to suppress, concluding that the affidavit presented to the magistrate judge who issued the warrant was insufficient to establish probable cause, because it rested only on the dog's alerting to the package and a recitation of the dog's certification and other background. The Court of Appeals remanded the case, because the district court had not made a finding on whether there was reasonable suspicion to detain the package, i.e., remove it from the flow of mail, before it was subjected to the drug sniff. The court found that *if* there was reasonable suspicion for the

detention, then the issuance of the warrant for searching the package was based on probable cause and not violative of the Fourth Amendment. In doing so, the court said,

> The Government contends the affidavit's explanation of the positive dog alert and the dog's certification to detect narcotics established a fair probability that the package contained drugs. A dog's positive indication alone is enough to establish probable cause for the presence of a controlled substance *if the dog is reliable*. See United States v. Carrazco, 91 F.3d 65, 67 (8th Cir.1996); United States v. Delaney, 52 F.3d 182, 188 (8th Cir.1995); United States v. Owens, 167 F.3d 739, 749 (1st Cir.1999); United States v. Kennedy, 131 F.3d 1371, 1376-77 (10th Cir.1997), *cert. denied*, 525 U.S. 863, 119 S.Ct. 151, 142 L.Ed.2d 123 (1998); United States v. Berry, 90 F.3d 148, 153 (6th Cir.1996); United States v. Lingenfelter, 997 F.2d 632, 639 (9th Cir.1993). *To establish the dog's reliability, the affidavit need only state the dog has been trained and certified to detect drugs*. See Kennedy, 131 F.3d at 1377; Berry, 90 F.3d at 153; United States v. Meyer, 536 F.2d 963, 966 (1st Cir.1976). An affidavit need not give a detailed account of the dog's track record or education. *See* Delaney, 52 F.3d at 188; Kennedy, 131 F.3d at 1376-77; Berry, 90 F.3d at 153; United States v. Klein, 626 F.2d 22, 27 (7th Cir.1980).

186 F.3d at 875-6 (emphasis added). Although the defendant postulated that the search warrant affidavit may have been misleading by omitting the dog's track record, the court found that since the defendant had not made a sufficient showing for a hearing under Franks v. Delaware, 438 U.S. 154, 155-6, the district court was correct to decide the issue without an evidentiary hearing, based only on the information appearing on the face of the affidavit. 186 F.3d at 876, citing, *inter alia*, United States v. Kennedy, 131 F.3d. 1371 at 1377 (10th Cir. 1997) (Recognizing that the face of a search warrant affidavit stating

4

that the dog was certified need not describe the particulars of its training, but also recognizing that 'A dog alert might not give probable cause if the particular dog had a poor accuracy record.' United States v. Ludwig, 10 F.3d 1523, 1528 (10th Cir. 1993)," and noting the lack of such information in the record of that case).

In Olivera-Mendez, the Court of Appeals again was faced with a challenge to the facial validity of an affidavit for a search warrant. There, in a traffic stop situation, the trooper deployed his dog to do a sniff *during* the traffic stop, in the approximately one minute he was awaiting information from his dispatcher regarding defendant's drivers license. 484 F.3d at 509, n.2. After the dog alerted, the car was searched but drugs were not found; the officers did find, however, two strips of "Bondo," air freshener, and mismatched paint. The vehicle was towed to headquarters, and the dog again alerted to it, both on the exterior and the interior. In addition, officers found that the floor in the cargo area was higher than the rest of the vehicle. After four hours of additional searching, however, no contraband had been found. A search warrant was obtained to do a more intrusive search which yielded cocaine. The search warrant affidavit recited that the dog was certified, but omitted information that he had the lowest passing score for the certification test which he'd completed only two days before the stop and other information detracting from his record. Brief of Appellant 2006 WL 2024293. The affidavit apparently did, however, mention other information about the two defendants' conflicting stories and the other items found in the first searches. Id. Sidestepping the issue of the sufficiency of the warrant application, the court found that the total of the information known to the officers "beyond question" established

5

probable cause and that it had not dissipated by the time officers applied for the warrant.  484 F.3d at 510.  In the hearing on the motion to suppress, the dog's trainer testified that he did not have "an issue with false indications," 484 F.3d at 512, but the record is not clear on what else may have been before the court regarding the dog's performance records.  Noting the above quoted language in Sundby, the court continued, "The standard is no more demanding where police search an automobile based on probable cause without a warrant," Id. and concluded, "Based on this record, the district court did not clearly err in finding that [the dog] was reliable, and police had probable cause to search the car after he alerted."  Id.

These cases support the proposition that once the dog is found to be certified, he may be presumed to be well trained and reliable.  However, the court must make the finding of whether probable cause existed at the time of the dog's deployment on the totality of the circumstances.  If the dog was not certified or otherwise had performance problems, that could be a circumstance for the court to consider.  Because the court has no evidence before it on what all the circumstances were in this stop, no confident finding can be made at this time.  That is, although the matter could become relevant to the court's inquiry, by the time that determination could be made, the defendant would have too little time to examine it fully, and a continuance of the hearing would be required.  To avoid that, the better course is to require that at least some information about Dekon's recent past be provided.

    IT THEREFORE HEREBY IS ORDERED:

    1.  The motion, filing 23, is granted.  On or before October 30, 2007 the government shall provide the following information

about the canine Dekon to counsel for the defendant, if it has not already been provided:

>   a.  The dog's age, the dates when it was trained initially, and the identity of the handler;
>
>   b.  Whether the dog "passed" the initial training and was certified;
>
>   c.  The dates when the dog has subsequently been re-trained and/or re-certified, and the identities of its handlers;
>
>   d.  The current dog-and-handler team's continuing training practices for the six months prior to the stop in this case;
>
>   e.  The dog's record of deployments, both practice or test and "in the field," and his record of performance in those deployments since the last recertification or during the six months prior to the stop in this case, whichever is longer;
>
>   f.  Any and all observations, records, or memoranda in the custody or control of the Nebraska State Patrol which are/were in any way critical of the dog's performance during the six months prior to the stop in this case.

2.  The government shall file a certificate of service when it has provided this information to defendant's counsel.

DATED this 17th day of October, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

7